LOZIER et v. SEARS et.

Ohio Appeals, 5th Dist., Ashland Co:

No. 167. Decided Dec. 15, 1927.

Syllabus by Editorial Staff.

755. MECHANICS' LIENS—
1. Owner entitled to decree canceling liens of all claimants who have failed to file sworn statements and other statements and certificates provided for in 8312 GC.
2. Same requirement made as to both contractors and sub-contractors.
3. Material man not required, as condition precedent to securing lien, to serve notice on owner as, provided in 8312 GC.
704. LAND CONTRACTS—Contractee cannot recover money expended for improvements except by showing extent to which value of property has been incrased.

Error to Common Pleas.

Reversed in part and affirmed in part.
M. V. Semple, Ashland, for Lozier et.
T. J. McCray, Mansfield, for Sears et.
J. F. Henderson, Ashland, for Daniel Ernst, etc.
Clyde C. Sherick, for Ohio Public Service Co.
J. L. Mason, Ashland, for C. W. Thomas.

STATEMENT OF FACTS.

Prior to March 8, 1926, J. A. Lozier and Mabel Lozier were the joint owners in fee simple of a certain twelve room dwelling house located in the city of Ashland, Ohio. The property was occupied by the Loziers as a home and there was also located thereon some three or four, two and three room suites, which were leased to various parties for residential purposes.

On March 8, 1926, defendant in error, John Sears, entered into a land contract with the Loziers, agreeing to purchase this property for $9,500, $1,000 to be paid as a down payment, $500 on the first day of April, 1926, and the balance of $8,000 to be paid in semi-annual installments. This land contract is offered in evidence and is a part of the record in this case. It bears date of March 8, 1926, and evidences the fact that $1,000 was paid at the time of the purchase, and that the further sum of $500 was to be paid in cash on April 1, 1926. It also contains the usual provisions with reference to default and provides that vendees should assume and pay any and all further general taxes or special assessments then or thereafter levied and which would become payable after the date therof. ·

It is uncontradicted that the vendees did pay the further sum of $500 on the 1st day of April, 1926, but that the said vendees failed to pay the general taxes, also the special assessment·for the last half of the year 1925 and the general and special assessment for the first half of the year 1926, and that vendors paid both of said installments of tax as aforesaid and have never been reimbursed.

About a week after the vendees had taken possession of the residence, they commenced to make extensive repairs thereon. Possibly three or four weeks after the 1st of April, 1926, they proceeded to enter into contracts with various contractors in the City of Ashland incident to the wrecking of an old barn and building a two-story restaurant building upon the south-westerly corner of the lot.

It is admitted, upon the part of the vendors, that they had knowledge of such work of construction upon the new building but that they had reasonable ground to believe, the same as all the various contractors, that Sears was in a position to pay therefor. It appears that said new building was completed and ready for occupancy along the latter part of August or the first of September, 1926.

Cross-examination of all the respective lien claimants brought forth the answer that none of them understood that they were in any way working or furnishing materials for the Loziers, and that, in fact, all of them believed that the premises were owned by the vendees and that they also presumed that they were working for the vendees until the time came to attempt to perfect the liens in question, and that, therefore, upon advice of counsel, an attempt was made to perfect these liens, based upon contracts, as averred, with John Sears as agent for the said plaintiffs in error. All lien holders further testify that all instructions which they received were issued direct from the vendees and that the said plaintiffs in error never gave any instructions nor, in fact, in any way discussed with any of the lien claimants any matters relative to the work or materials in question.

The record discloses that all of the within named lien claimants were principal contractors, with one exception, namely the defendant in error Herman J. Schmitz, who was simply a material man; that all of said lien claimants filed affidavits for mechanics' liens with the Recorder of Ashland County with itemized statements of their various labor and materials attached thereto, and also served a copy of such affidavit, but without an itemized statement attached thereto, upon either the plaintiff in error J. A. Lozier or plaintiff in error Mabel Lozier; none of said lien claimants,

with the exception of The Ohio Public Service Co. having served a copy of such affidavit upon both of the said plaintiffs in error. Also the evidence is uncontradicted that none of said lien calimants at any time served or caused to be served upon either or both of the plaintiffs in error the preliminary notice in form as is provided in Section 8312 of the General Code of Ohio.

A careful examination of the record in this case shows that none of the lien claimants have, in their respective answers, averred any doctrine of subrogation or estoppel, nor have the said lien claimants attempted, in their testimony, to prove any agency relation as between the said defendant in error John Sears and either or both of said plaintiffs in error.

The findings, order, judgment and decree of the Court of Common Pleas were to the effect that the mechanics' liens of the respective named defendants in error were properly perfected in accordance with the mechanics' lien laws of the State of Ohio; that the premises are as described in detail in the Amended Petition of said plaintiffs in error and should be sold as upon execution, and that from the proceeds of such sale should first be paid the accrued taxes as also the special assessments; second, to the plaintiffs in error the amount of moneys paid by the said plaintiffs in error which represented both the general taxes and also the special improvement assessments for the last half of the year 1925 as also the first half of the year 1926; third, the Court costs incident to the within proceedings; fourth, the various and respective asserted mechanics' liens of said defendants in error; fifth, to the said plaintiffs in error the balance of said purchase money as due upon the land contract, with interest; and sixth, to the said defendants in error John Sears and Carrie N. Sears the residue, if any there might be. The court further found that John Sears and Carrie Sears had forfeited their rights under the land contract; that as a result the land contract had become null and void and the plaintiffs in error were entitled to have their title to such premises quieted as against any and all rights, claims and demands as asserted by John Sears and Carrie Sears.

## OPINION OF COURT.

The following is taken, verbatim, from the opinion.

LEMERT, J.

Section 8312 of the General Code provides that the original contractor shall, whenever any payment of money shall become due from the owner, part owner or lessee, or whenever he desires to draw any money from the owner, part owner or lessee, under such contract or upon the written demand of any mortgagee, make out and give to the owner, part owner, lessee or mortagee, or his agent, a statement under oath, showing the name of every laborer in his employ who has not been paid in full, and also showing the name of every sub-contractor in his employ, and of every person furnishing machinery, material or fuel, and giving the amount, if any, which is due or to b come due to them or any of them, for work done or machinery, material or fuel furnished to him, which statement shall be accompanied by a certificate signed by every person furnishing machinery, material or fuel, to him, which statement under oath and certificate may be in substantially the following form.

Section 8312 further provides that until the statements provided for in this section are made and furnished in the manner and form herein provided the contractor shall have no right of action or lien against the owner, part owner or lessee, on account of such contract.

In addition to filing a proper affidavit for a lien as provided in General Code 8314 and serving notice as provided in General Code 8315 such contractor must, when money becomes due him from the owner, give to the owner the sworn statement and other statements and certificates provided for in General Code Section 8312. If he fails to do so and until he does so, the contractor shall have no right of lien against the owner on account of such contract. Such statements must be filed with the owner before the time expires in which the claimant may perfect a lien. This same requirement is made as to both contractors and sub-contractors.

In Vol. 115 Ohio State, page 555 the court holds that "it is true a material man does not need to comply with the provisions of Section 8312 of the General Code, nevertheless that Section applies to a sub-contractor," and uses the following language in such determination: "the provisions of 8312 GC. requiring notice to be served upon the owner of a structure being erected under contract apply to the contractor and sub-contractors but not to the material men.".

As to the various claims as are asserted in the answer and cross-petition of the defendants in error John Sears and Carrie N. Sears, it is our view that all of such claims are based upon a theory that there was an increase in the market value of the premises in question by virtue of the acts and deeds of such defendants in error, that as a result thereof they would be entitled to a judgment as against the said plaintiffs in error, but from a careful examination of the record in this case, we find there is no testimony in the record to the effect that the market value of the premises in question was any greater, and in fact there is some question if it is as great as it was at the time of the entering into the land contract on March 8, 1926, and if this is the fact, it is our understanding of the law of the State of Ohio that the defendants in error John Sears and Carrie N. Sears have no right of action or demand as against the said plaintiffs in error, and that being true that they could therefore expect no recovery upon their answer and cross petition in this proceeding.

Without quoting further in this finding, we are of the opinion that the various lien claimants in this case, with the exception of Herman J. Schmitz, have not complied with the law as hereinbefore laid down in perfecting their several liens and that, upon the record in this case, the defendants in error John Sears and Carrie N. Sears have not made such showing that would entitle them to recover upon their answer and cross-petition. We find, as to the defendant in error, Herman J. Schmitz, that a material man is not required, as a condition precedent to securing a lien, to serve notice on the owner as provided in 8312 GC.

Holding the views as hereinbefore expressed, the judgment of the Common Pleas Court is reversed as to John Sears and Carrie N. Sears, defendants in error, and judgment entered in

favor of plaintiffs in error against them, and each of them. Judgment of Common Pleas Court reversed as to defendants in error Heter & Kirkpatrick, a partnership, Garfield Sears, C. W. Rollins and the Ohio Public Service Company, a corporation and judgment entered in favor of plaintiffs in error against defendants in error therein, and each of them; judgment of Common Pleas Court affirmed as to lien of defendant in error Herman J. Schmitz.

(Lemert, Shields and Houck, JJ., concur.)